

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RLW/PL AGR
2009R01342

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

November 30, 2010

Susan Cassell, Esq.
419 Lucille Court
Ridgewood, NJ 07450

　　　　Re:  Plea Agreement with Justin Birdsall   11 CR 134 (DMC)

Dear Ms. Cassell:

　　　This letter sets forth the plea agreement between your client, Justin Birdsall, and the United States Attorney for the District of New Jersey ("this Office").

Charge

　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Justin Birdsall to a one-count Information, which charges Justin Birdsall with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2. If Justin Birdsall enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Justin Birdsall for the possession of images of child pornography that were seized on or about December 1, 2009. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Justin Birdsall may be commenced against him, notwithstanding the expiration of the limitations period after Justin Birdsall signs the agreement. Justin Birdsall agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Justin Birdsall signs the agreement.

Sentencing

　　　The violation of 18 U.S.C. § 2252A(a)(5)(B) to which Justin Birdsall agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross

amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  If the Court determines that Justin Birdsall has a prior conviction under certain chapters of the United States Code or the laws of any state relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the violation of 18 U.S.C. § 2252A(a)(5)(B) to which Justin Birdsall agrees to plead guilty carries a mandatory minimum sentence of 10 years, and a statutory maximum prison sentence of 20 years, pursuant to 18 U.S.C. § 2252A(b)(2).  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Justin Birdsall is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Justin Birdsall ultimately will receive.

Further, in addition to imposing any other penalty on Justin Birdsall, the sentencing judge: (1) will order Justin Birdsall to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Justin Birdsall to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Justin Birdsall, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583(k), may require Justin Birdsall to serve a term of supervised release of at least 5 years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.  Should Justin Birdsall be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Justin Birdsall may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of

supervised release. However, should Justin Birdsall be placed on a term of supervised release and Justin Birdsall subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Justin Birdsall must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. In addition, Justin Birdsall must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Justin Birdsall resides, is employed, or is a student.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Justin Birdsall by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Justin Birdsall's activities and relevant conduct with respect to this case.

Stipulations

This Office and Justin Birdsall agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation

in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Justin Birdsall from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Justin Birdsall waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture and Abandonment

In addition, Justin Birdsall agrees to forfeit to the United States all computer and computer accessories, including one HP Media Center desktop computer, bearing serial number MXK3422DWZ, which were seized by agents on or about December 1, 2009, and all visual depictions that were produced, transported, mailed or shipped or received in violation of the law, and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information. See 18 U.S.C. § 2253.

## Registration Consequences

The defendant understands that his guilty plea to the charged offense(s) will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any registration consequences of that plea. The defendant understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack

challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Justin Birdsall. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Justin Birdsall.

No Other Promises

This agreement constitutes the plea agreement between Justin Birdsall and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Ronnell L. Wilson
Assistant U.S. Attorney

APPROVED:

Andrew C. Carey
Chief, Narcotics/OCDETF Unit

   I have received this letter from my attorney, Susan Cassell, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: March 3rd 2011
Justin Birdsall

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: MArch 3, 2011
Susan Cassell, Esq.

## Plea Agreement With Justin Birdsall

### Schedule A

1. This Office and Justin Birdsall agree to stipulate to the following fact:

    a. The offense involved 600 or more images of child pornography, as defined in Title 18, United States Code, Section 2256(8).

2. If the sentencing court accepts the factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.